UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY G. HENSON,

    Plaintiff,

    v.                       CAUSE NO.: 3:19-CV-396-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Timothy G. Henson, a prisoner without a lawyer, filed a complaint against Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones for retaliating against him for engaging in protected First Amendment activity by terminating him from his job as a law library clerk in the Indiana State Prison law library. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On approximately April 25, 2018, Henson began working as a prison law library clerk. A well-known and long-standing perk of this job is that law library clerks may research and prepare their own legal documents while on duty and without a pass if the clerk's assistance is not required to fulfill the duties or obligations of the job. Between April 25, 2018, and August 26, 2018, Henson regularly worked on his personal legal matters with the knowledge and consent of his supervisor, Erin Jones. Unhappy with how some of his grievances had been addressed, Henson reached out to two prison advocacy groups and arranged a peaceful protest outside of ISP. The protest occurred on June 23, 2018.

Following the protest, on July 25, 2018, an investigator from the intelligence investigation unit interviewed Henson at ISP. The investigator indicated that Warden Ron Neal had instructed that the interview be recorded. While other matters were also discussed, the investigator asked Henson to provide the dates of any future protests and indicated that IDOC officials were upset and concerned about the earlier protest. Henson indicated that a second protest would be planned if his concerns were not addressed. A second protest ultimately took place outside of ISP on August 25, 2018.

Henson returned to his work as a law clerk without incident on August 27, 2018. During his shift, he spent about sixty seconds preparing an informal offender grievance form on a typewriter when there were no other duties to be completed. Unit Team Manager Marion Thatcher is usually responsible for responding to Henson's grievances, and Thatcher reviewed the August 27, 2018, grievance. On August 27, 2018, Jones received a complaint from Thatcher about Henson preparing an informal

grievance dated August 27, 2018, while on duty and without a pass. Thatcher asked Jones to terminate Henson from his position as law library clerk for that reason. The following day, Jones terminated Henson, as requested, for utilizing a law library typewriter to prepare a grievance while on duty and without a pass. In terminating Henson, Jones also stated that "[y]ou are being fired for orchestrating protests at the Indiana State Prison and for filing grievances." (ECF 1 at 11.) Jones added that she is "one hundred percent sure that the warden and other IDOC officials have knowledge that you orchestrated the protests and are upset."(*Id.*) Also on August 28, 2018, Jones prepared an evaluation of Henson that indicated that "[o]ffender was told that he could not work on personal unless a request was filled out and a pass issued. On 8-27-18 an informal grievance was received from Offender Henson that was typed during work hours." (*Id.*) Immediately after Henson's termination, Executive Assistant Mark Newkirk contacted Jones and Thatcher and directed them to allow law library clerks to prepare their own legal documents while on duty and without a pass – the same behavior that was asserted as a basis for terminating Henson.

Henson claims that each of the defendants retaliated against him for exercising his First Amendment rights by terminating his job as a law library clerk. To state a claim of First Amendment retaliation, the plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551

3

(7th Cir. 2008)). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) (internal quotation marks omitted)). "Inmates retain a First Amendment right to complain about prison staff, whether orally or in writing, but only in ways consistent with their status as prisoners." *Caffey v. Maue*, 679 Fed. Appx. 487, 490 (7th Cir. 2017) (citing *Turner v. Safley*, 482 U.S. 78, 89–90 (1987); *Watkins v. Kasper*, 599 F.3d 791, 796–97 (7th Cir. 2010)). The complaint plausibly states a retaliation claim against Warden Neal, Marion Thatcher, and Erin Jones, and Henson may proceed against them on this claim.

Henson has also sued Executive Assistant Mark Newkirk for retaliation, but he does not allege that Newkirk was directly involved in the decision to terminate him. In fact, Henson asserts that, immediately following Henson's termination, Newkirk ordered both Thatcher and Jones to allow all law library clerks to prepare their own legal documents while on duty, with pay, and without a pass. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009); *see also Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993) (noting the doctrine of *respondeat superior* has no application to § 1983 actions). Henson asserts that Newkirk was involved in denying his classification appeal, but Henson has no constitutional right to access the grievance process. S*ee Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure).

Accordingly, Henson will not be permitted to proceed against Newkirk on his retaliation claim.

In addition to his retaliation claim, Henson alleges that the defendants violated his rights under the Equal Protection Clause because they treated Henley differently than the other law library clerk employed at the time, who engaged in the same conduct that Henley engaged in but was not terminated. Because Henson does not suggest that the defendants targeted him due to his membership in a suspect class, rational basis review applies. *See Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." *Id.* To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." *Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook*, 808 F.3d 318, 322 (7th Cir. 2015). There may be any number of rational reasons for treating Henley different than the other law library clerk employed at the time, but no such reason is readily apparent from the amended complaint. Although perhaps duplicative of Henley's retaliation claim, at this stage of the proceedings, the court will permit Henley to proceed against Warden Neal, Marion Thatcher, and Erin Jones on his Equal Protection claim. As explained above, however, Henson has not alleged that Newkirk was personally involved in the decision to terminate him form his position as a library law clerk, so he cannot proceed against Newkirk on his Equal Protection claim.

For these reasons, the court:

(1) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their individual capacities for compensatory and punitive damages for retaliating against him in violation of the First Amendment by terminating his employment as a law library clerk on August 28, 2018, in response to his exercise of his First Amendment rights by organizing peaceful protests outside of Indiana State Prison;

(2) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their official capacities for injunctive relief to cease retaliating against him for exercising his First Amendment right to organize peaceful protests outside the Indiana State Prison;

(3) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their individual capacities for compensatory and punitive damages for terminating his employment as a law library clerk on August 28, 2018, by treating him less favorably than another law library clerk that engaged in the same conduct without a rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Executive Assistant Mark Newkirk;

(6) DIRECTS the clerk and the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process, along with a copy of the complaint (ECF 1) and this order, on Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones at the Indiana Department of Correction; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 12, 2019

                                                /s/ JON E. DEGUILIO
                                                JUDGE
                                                UNITED STATES DISTRICT COURT