UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY G. HENSON, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-396-JD-MGG |

OPINION AND ORDER

Timothy G. Henson, a prisoner without a lawyer, filed a motion asking to amend his complaint with a Second Amended Complaint. ECF 26. He is incarcerated at Indiana State Prison and filed a complaint against Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones for claims relating to his termination as a law library clerk. ECF 1.

The court screened the original complaint pursuant to 28 U.S.C. § 1915A and allowed Henson to procced against Warden Ron Neal, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones on three claims: (1) retaliating against him in violation of the First Amendment by terminating his employment as a law library clerk in response to his exercise of his First Amendment rights by organizing peaceful protests outside of Indiana State Prison; (2) injunctive relief to cease retaliating against him for exercising his First Amendment right to organize peaceful protests outside the Indiana State Prison; and (3) treating him less favorably than another law clerk that engaged in the same conduct that was the basis for his termination without a

rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment. ECF 8 at 6. Mark Newkirk, Executive Assistant to the Warden, was dismissed for lack of any alleged personal involvement. ECF 8 at 4-6.

Henson attempted to amend the complaint, ECF 10, but the court denied him leave to file an amended complaint because the differences between the two complaints were minor and would not change the initial screening order, ECF 20. Now Henson seeks leave to file a Second Amended Complaint, which he contends contains facts that establish dismissed-defendant Newkirk's personal involvement in the alleged violations. ECF 26.

Two defendants have already been served and have filed an answer. ECF 12, 13, 24. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

In both complaints, Henson alleges that Thatcher, the Unit Team Manager, ordered Jones, the Law Library Supervisor, to terminate him from his position as a law library clerk "for utilizing a law library typewriter to prepare his informal grievance while on duty, with pay, and without a call out pass." ECF 26-1 at ¶ 57, *see* ECF 1 at ¶ 54. Henson adds in the proposed Second Amended Complaint that after Thatcher initially ordered the termination, Jones contacted Newkirk who also ordered her to terminate Henson for the same reason. ECF 26-1 at ¶ 59. Henson alleges that after he was terminated, Jones told him the true reason for his firing was that prison officials were upset about protests he helped to organize. ECF 1 at ¶ 55, ECF 26-1 at ¶ 60.

Henson now alleges that Newkirk personally participated in the decision to terminate him from his law library position. Under § 1983, a defendant's potential liability "depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Henson's proposed Second Amended Complaint sufficiently shows Newkirk's personal involvement in the termination to allow him to proceed against Newkirk.

For these reasons, the court:

(1) GRANTS the motion for leave to amend (ECF 26);

(2) DIRECTS the clerk to separately docket the Second Amended Complaint (ECF 26-1);

(3) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their individual capacities for compensatory and punitive damages for retaliating against him in violation of the First Amendment by terminating his employment as a law library clerk on August 28, 2018, in response to his exercise of his First Amendment rights by organizing peaceful protests outside of Indiana State Prison;

(4) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their official capacities for injunctive relief to cease retaliating against him for exercising his First Amendment rights to organize peaceful protests outside the Indiana State Prison;

(5) GRANTS Timothy G. Henson leave to proceed against Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law Library Supervisor Erin Jones in their individual capacities for compensatory and punitive damages for terminating his employment as a law library clerk on August 28, 2018, by treating him less favorably than another law library clerk that engaged in the same conduct without a rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment;

(6) DIRECTS the clerk to produce the paperwork necessary for service on Law Library Supervisor Erin Jones and Executive Assistant Mark Newkirk by the United States Marshals Service, leaving the address blank for the Marshals to provide;

(7) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to issue and serve process, along with a copy of the Second Amended Complaint (ECF 26-1) and this order on Law Library Supervisor Erin Jones and Executive Assistant Mark Newkirk;

(8) ORDERS Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Law Library Supervisor Erin Jones and Executive Assistant Mark Newkirk, if the Indiana Department of Correction has such information and it is necessary for locating these defendants; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Ron Neal, Executive Assistant Mark Newkirk, Unit Team Manager Marion Thatcher, and Law

Library Supervisor Erin Jones respond to the Second Amended Complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 4, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT