UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY G. HENSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RON NEAL, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-396-JD-MGG |

OPINION AND ORDER

Timothy G. Henson, a prisoner without a lawyer, moves for a preliminary injunction. ECF 46. He brought suit, alleging that he was fired from his position as a law library clerk, purportedly because he was improperly working on his own matters while on the job, but in actuality as retaliation for exercising a First Amendment right to organize peaceful protests outside of the prison. He was granted leave to proceed on three claims: (1) a First Amendment retaliation claim based on the termination of his employment; (2) a claim for injunctive relief to cease retaliating against him; and (3) an Equal Protection claim that he was treated less favorably than another law clerk who engaged in the same conduct. ECF 30 at 3-4. Now, Henson files for a preliminary injunction.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he

is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Mandatory preliminary injunctions— those requiring an affirmative act by the defendant—are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks and citation omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Henson is not entitled to a preliminary injunction because the relief he seeks is not appropriate. First, he requests that the court enjoin defendants from retaliating against him for exercising his First Amendment rights to free speech, association with outsiders, and a redress of grievances, without specifying which particular acts of ongoing retaliation he wishes to enjoin. ECF 46-1 at 45. First of all, he was allowed to proceed on a claim that he was retaliated against for organizing peaceful protests outside the prison, not the other First Amendment matters he mentions. Allegations

outside of his organizing activities go beyond the scope of this lawsuit. Setting that issue aside, his request is too vague to provide a basis for a preliminary injunction. An order granting an injunction must "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65. A general injunction against "retaliation" is too vague. *See Patriot Homes, Inc. v. Forest River Housing, Inc.*, 512 F.3d 412, 415-16 (7th Cir. 2008) (vacating preliminary injunction awarded by district court because the order "requires a lot of guesswork on [defendant's] part in order to determine if it is engaging in activities that violate the injunction").

Henson also asks the court to enjoin defendants from transferring him to another prison until his pending litigation is completed. ECF 46-1 at 45. He contends that if he is transferred before the completion of his pending litigation, it will cause a hardship in conducting the litigation because he might lose evidence and computer files at the prison, and his ability to gather the evidence he needs for his lawsuits will be impaired. He states that "Defendants have threatened to transfer the Plaintiff and may seek to do so for being labeled a '*jailhouse lawyer*' who is currently assisting other prisoners in their pending lawsuits." *Id.* at 24. He does not specify who made those threats or how they were communicated to him. He even acknowledges that "Defendants and/or other prison officials have taken no actions to transfer the Plaintiff to date of this filing." ECF 46-1 at 24.

Prisoners generally do not have a right to avoid prison transfers. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005). However, they may not be transferred in retaliation for exercising their First Amendment rights. *See Holleman v. Zatecky*, 951 F.3d 873, 881

(7th Cir. 2020). In this case, Henson's activities as a jailhouse lawyer are not within the scope of this lawsuit. But even if they were, he does not allege the threat of transfer is imminent or likely enough to provide a basis for relief. To justify preliminary injunctive relief, the threat must be real, substantial, and immediate as opposed to speculative. *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). It is not reasonable to infer that vague threats of transfer present an immediate threat of harm. "A preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011) (brackets omitted) (quoting 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2948.1, at 154-55 (2d ed. 1995)).

Finally, Henson asks for the court to order that defendants stop using "an invalid and an unwritten IDOC policy and/or facility rule requiring a call out pass be issued for the Plaintiff and/or law library clerks to attend the law library in order to research and/or prepare their legal documents." ECF 46-1 at 45-46. He is not currently a law library clerk, and so the court will not issue injunctive relief that does not apply to him. As to ordering the prison not to require *him* in particular to need a call out pass, there is no reason Henson should be treated differently than any other inmate who does not work at the law library. Unnecessary intrusions into the management of prisons are generally disfavored. *See* 18 U.S.C. § 3626(a) (prison-related injunctions must be necessary to remedy the violation and narrowly tailored). "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer*, 682 F.3d at 683 (brackets omitted).

For these reasons, the court DENIES the motion for preliminary injunction (ECF 46).

SO ORDERED on April 13, 2021.

s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT
