UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY G. HENSON | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 3:19-CV-396 JD |
| | ) | |
| RON NEAL, *et. al*, | ) | |
| | ) | |
| Defendants | ) | |

<u>SCHEDULING, PRETRIAL CONFERENCE, AND TRIAL ORDER</u>

A telephonic status conference was held in this cause on August 30, 2022.   Plaintiff

appeared pro se, and Thomas Pratt represented the Defendants. In this order, the word "Counsel"

includes the *pro se* plaintiff unless it specifically refers solely to Defense Counsel.

<u>The Court set the following deadlines</u>:

Counsel for Defendants is to prepare and file the proposed final pretrial order by **July 17, 2023**, with the exchange of the parties' contentions, witness, and exhibit lists to be made by **June 16, 2023**. <u>The proposed final pretrial order shall contain</u>: a jurisdictional statement; a joint concise statement describing the case in an impartial and easily understood manner which will be read to the jury panel during voir dire; a brief description of the claims (and defenses) to be tried and the law pertaining to each element of the issues; a list of the damages sought, the legal basis (which allows for the recovery of the damages sought), and a statement identifying which damages are to be submitted to the jury for determination; stipulations of fact; and exhibit and witness lists. *See* N.D. Ind. L.R., App. A.   The proposed pretrial order shall be filed electronically on CM/ECF, and submitted via e-mail to chambers at deguilio_chambers@innd.uscourts.gov in Word format (not PDF).

<u>The Court scheduled the following</u>:

1.     A telephonic final pretrial conference is SET for **3:00 p.m. (South Bend time) on August 17, 2023**; and,

2.     A 3-day jury trial is SET to commence at **9:30 a.m. (South Bend time) on October 30, 2023** in the first floor courtroom in South Bend, Indiana.   In the event that the case is settled on the day of trial and/or during trial before a verdict is reached, any and all jury costs will be assessed to either one or both of the parties.

<u>PRETRIAL CONFERENCE and TRIAL</u>

**A.**     <u>**Deadlines prior to final pretrial conference (as detailed herein).**</u>

    1.    <u>At least **42 days** before the final pretrial conference,</u>

    a.    copies of all **exhibits** must be filed with the court and exchanged by the plaintiff and defense counsel.

    b.    any **objections to another party's expert witness**, *see below* ¶ D(2)(b),

    b.    the **plaintiff's trial brief**, *see below* ¶ E(2), and

    d.    **proposed jury instructions, verdict forms, voir dire questions**, *see below* ¶ F(1).

    2.    <u>At least **28 days** before the final pretrial conference,</u> the following are due:

    a.    **opposing parties' trial briefs**, *see below* ¶ E(3),

    b.    **objections to proposed jury instructions, verdict forms, and voir dire questions**, *see below* ¶ F(2),

    c.    any **objections to the admissibility of any document or exhibit, along with a copy of the contested document or exhibit,** *see below* ¶ G(2),

    d.    **motions in limine,** *see below* ¶ H, and

    e.    any **objections to portions of depositions**, **along with a copy of the deposition transcript,** *see below* ¶ I.

    3.    <u>At least **14 days** before the final pretrial conference,</u> the following are due:

    a.    any **supplementary trial brief**, *see below* ¶ E(4),

    b.    any **response to motions in limine**, *see below* ¶ H, and

    c.    any **response to exhibit or deposition objections**.

**B.**     <u>**Explanation of Order.**</u>

    The deadlines for the pretrial conference are established to enable the Court to conduct the final pretrial conference in an informed, productive manner. These deadlines may differ from earlier orders issued and the timing of events may differ. The pretrial deadlines are not meant to be burdensome or to make trial preparation more difficult. Instead, the deadlines are meant to enable the undersigned to be fully prepared to preside over the trial of this case, and thus, deadlines will not be extended without good cause. Further, witnesses and physical or documentary evidence that were not identified as ordered will be precluded from being offered at trial, except upon a showing of good cause.

2

**C.**     **Purposes of Final Pretrial Conference.**

The Court views the pretrial conference as the first day of trial. At the pretrial conference, the Court may:

1.     discuss settlement, consistent with Fed. R. Civ. P. 16(c)(2)(I) and N.D. Ind. L.R. 16-1(f);

2.     discuss with specificity the substance of the testimony of testifying witnesses;

3.     discuss potential stipulations of fact, consistent with Fed. R. Civ. P. 16(c)(2)(C);

4.     discuss the issues to be tried and any issues that may be removed from the case;

5.     discuss elimination of unnecessary witnesses and exhibits;

6.     discuss the precise length of trial;

7.     review jury selection procedures; and

8.     to the extent feasible, rule on motions in limine and objections to exhibits, *see below* ¶¶ G, H (concerning the pre-conference submission of objections and motions in limine).

**D.**     **Witness Lists.**

1.     <u>Non-Expert Witnesses</u>.
The pretrial order must set forth the names, addresses, and occupations of all witnesses any party intends to call. No separate list need be filed with respect to non-expert witnesses. The parties must identify whether each witness is expected to be called as a witness during a party's case-in-chief, or whether the witness is listed to merely provide notice that the person may be called as a rebuttal or impeachment witness.

2.     <u>Expert Witnesses</u>.

a.     <u>Expert Witness List</u>.
Expert witnesses shall be disclosed in accordance with Fed. R. Civ. P. 26(a)(2).

b.     <u>Objections</u>.
Any objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, must be filed at least **42 days** before the final pretrial conference. Failure to file such objections will be deemed a waiver of any objection to opinion testimony outlined in the statement filed by the witness's proponent. Any response must be filed at least **28 days** before the final pretrial conference.

3

**E.**     <u>**Trial Briefs**</u>.

    1.     <u>Requirement of Filing</u>.
Trial briefs must be filed and served.   A trial brief must identify the issues to be tried; the elements of the claim(s) involved in the action; any stipulations entered into by the parties; evidentiary questions and any other legal issues reasonably anticipated to arise at trial (along with citations to legal authority in support of evidentiary or legal issues); and identify the anticipated testimony of each witness.

    2.     <u>Plaintiff's Trial Brief</u>.
The plaintiff's trial brief must be filed and served at least **42 days** before the final pretrial conference.

    3.     <u>Opposing Parties' Trial Briefs</u>.
Opposing parties' trial briefs must be filed and served at least **28 days** before the final pretrial conference.

    4.     <u>Supplementary Briefs</u>.
Any party that deems it necessary may file a supplementary brief at least **14 days** before the final pretrial conference.

**F.**     <u>**Jury Instructions, Verdict Forms, and Voir Dire Questions**</u>.

    1.     <u>Filing with the Court</u>.
At least **42 days** before the final pretrial conference, you must file any proposed jury instructions and verdict forms (identifying the source and/or supporting authority for each proposed instruction) and proposed voir dire questions. Use of the Seventh Circuit's Pattern Civil Jury Instructions is encouraged. The Court's standard instructions on burden of proof, credibility of witnesses, deliberations, etc., are attached to this order, and these same instructions should **not** be resubmitted. The Court will conduct the bulk of the voir dire, but additional questions may be submitted to the Court before strikes are exercised.

    2.     <u>Objections to Proposed Jury Instructions</u>.
Any written objections to jury instructions, verdict forms, and/or voir dire questions proposed by other parties must be filed at least **28 days** before the final pretrial conference. To preserve any claim of error under Rule 51 of the Federal Rules of Civil Procedure, the Court will hold a jury settlement conference on the record and rule on the parties' objections to the Court's proposed final jury instructions—which are provided prior to the trial and which include any proposed instructions submitted to the Court. The settlement conference will be held reasonably near the close of all the evidence.

3.    <u>Additional Instructions at Trial.</u>
If any party finds it necessary to file additional requested instructions due to the development of unanticipated issues, the Court and opposing counsel must be informed as early as possible.

**G.    <u>Exhibits.</u>**

1.    <u>Disclosure to Opposing Counsel.</u>
At least **42 days** before the final pretrial conference, you must assemble all exhibits that may be introduced in evidence at the trial (including any deposition exhibits that may be offered at trial) and all other demonstrative or illustrative items that may be used at trial, and make copies of each item available to other counsel. Any exhibit not disclosed at that time cannot be used at the trial for any purpose other than impeachment or refreshing recollection. Relief from this prohibition will be afforded only upon a showing that the need for the exhibit could not reasonably have been foreseen by the time fixed for its production (**42 days** before the final pretrial conference); even then, you must disclose the exhibit to all other parties and the Court as soon as the need for the exhibit is known. This requirement is in addition to the disclosure requirements of Fed. R. Civ. P. 26(a)(3).

2.    <u>Objections to Exhibits.</u>
Counsel shall comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3), except that written objections to the admissibility of any document or exhibit shall be submitted at least **28 days** before the final pretrial conference, along with appropriate memoranda citing points and authorities, as to why the same should not be admitted. In addition, a copy of the contested document(s) or exhibit(s) shall be attached to the written objection(s). Any response to these objections must be submitted at least **14 days** before the final pretrial conference.

3.    <u>Exhibits at Trial.</u>

a.    <u>Evidence Binders.</u>
Copies of all exhibits that may be introduced in evidence shall be assembled into binders, marked by number or letter (plaintiff's exhibits should be marked by numbers, and defendant's exhibits by letters), and set apart by dividers within the binder. You must produce 2 such binders at trial: 1 for the Court and 1 for opposing counsel. Defense Counsel will prepare and submit the exhibit binders for the *pro se* plaintiff.

b.    <u>Presentation of Exhibits.</u>
The Court highly recommends the use of its digital exhibit display system in questioning witnesses about exhibits. Counsel may, alternatively, produce an exhibit binder with the original exhibits for the witnesses.

     c.     <u>Exhibit List for Clerk</u>.
Defense Counsel must prepare a list of all exhibits (both plaintiff and defense exhibits) for the courtroom deputy clerk and submit this list of exhibits to the courtroom deputy at the beginning of the trial. You need not prepare an additional binder of exhibits for the courtroom deputy clerk.

**H.**    **<u>Motions in Limine</u>.**

Any motions in limine shall be filed at least **28 days** before the final pretrial conference, together with appropriate memoranda citing points and authorities. You may raise as many issues in a motion in limine as the case makes appropriate, <u>but you may only file 1 motion</u>. Oral motions in limine will be allowed only for good cause shown. Motions should identify the evidence at issue with specificity. Any response to motions in limine shall be filed at least **14 days** before the final pretrial conference, and shall state, if applicable, that there is no objection to the granting of any part of a motion in limine.

**I.**    **<u>Depositions</u>.**

No deposition presented at trial shall take more than 60 minutes, including the use of summaries and excerpts, unless leave of Court is obtained prior to the commencement of trial. If a party intends to use deposition testimony at trial, the party must disclose to the opposing party the specific portions of the depositions the party intends to use, at least **42 days** before the final pretrial conference. Any objections to that testimony must be filed at least **28 days** before the final pretrial conference, and any responses to objections must be filed at least **14 days** before the final pretrial conference.

**J.**    **<u>Miscellaneous</u>.**

Copies of the jury questionnaires will be available during jury selection on the first day of trial. The jury questionnaires will be retrieved by the courtroom deputy clerk after jury selection has been completed. With regard to any questions which remain unanswered, including any assistance needed with regard to courtroom technology, counsel may contact the courtroom deputy clerk, Jay Schrader at 219-852-6621.

SO ORDERED.

ENTERED: August 30, 2022

       /s/JON E. DEGUILIO
Judge
United States District Court

## FINAL CIVIL JURY INSTRUCTIONS

### (1)

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [Do not allow [sympathy/prejudice /fear/public opinion] to influence you.] [You should not be influenced by any person's race, color, religion, national ancestry, or sex.]

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Seventh Circuit Federal Civil Jury Instructions § 1.01.**

(2)

The evidence consists of the testimony of the witnesses, [and] the exhibits admitted in evidence, [and stipulations].

[A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].]

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

**Seventh Circuit Federal Civil Jury Instructions § 1.04.**

8

(3)

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Seventh Circuit Federal Civil Jury Instructions § 1.06.**

(4)

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**Seventh Circuit Federal Civil Jury Instructions § 1.07.**

(5)

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Seventh Circuit Federal Civil Jury Instructions § 1.08.**

(6)

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Seventh Circuit Federal Civil Jury Instructions § 1.11.**

(7)

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a   witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Seventh Circuit Federal Civil Jury Instructions § 1.12.**

13

(8)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; [the witness's age]; and the reasonableness of the witness's testimony in light of all the evidence in the case.

**Seventh Circuit Federal Civil Jury Instructions § 1.13.**

(9)

It is proper for a lawyer to meet with any witness in preparation for trial.

**Seventh Circuit Federal Civil Jury Instructions § 1.16.**

(10)

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Seventh Circuit Federal Civil Jury Instructions § 1.17.**

(11)

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Seventh Circuit Federal Civil Jury Instructions § 1.18.**

(12)

When I say a particular party must prove something by "a preponderance of the evidence,"

or when I use the expression "if you find," or "if you decide," this is what I mean: When you have

considered all the evidence in the case, you must be persuaded that it is more probably true than

not true.

**Seventh Circuit Federal Civil Jury Instructions § 1.27.**

(13)

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

**Seventh Circuit Federal Civil Jury Instructions § 1.32.**

(14)

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, Google+, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdicts. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.   I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

**Proposed Final Jury Instruction on juror's use of social media provided by the Judicial Conference Committee on Court Administration and Case Management, updated August 2012.**

(15)

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

[If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

**Seventh Circuit Federal Civil Jury Instructions § 1.33.**

(16)

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**Seventh Circuit Federal Civil Jury Instructions § 1.34.**