UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY G HENSON,

    Plaintiff,

    v.

MARK NEWKIRK, et al.,

    Defendants.

Case No. 3:19-CV-396 JD

**OPINION AND ORDER**

Now before the Court is Plaintiff Timothy Henson's "Rule 60(b) motion for relief from Judgment." (DE 116.) In his motion, Henson argues that the Court made two mistakes in its prior order addressing the parties' summary judgment motions.[1] First, Henson asserts that the "Court fails to provide an opinion" on whether Defendant Marion Thatcher was "personally involved in the retaliatory termination of the Plaintiff as a law library clerk." (*Id.* at 3.) On this basis, Henson asks the "Court to amend" its order to reflect that Defendant Thatcher was personally involved in the termination of Plaintiff. (*Id.* at 4.) Second, Henson asserts that Warden Neal was improperly dismissed at summary judgment. (*Id.* at 4–13.) The Court dismissed Warden Neal from the suit on the basis that there was no evidence presented that he was personally involved in the termination of Henson. (DE 109 at 9.) In his motion, Henson claims there was, in fact, evidence of Warden Neal's involvement, citing to certain denials in the grievance process. (DE 116 at 7.)

---

[1] The Court's prior order denied Henson's motion for summary judgment and partially granted Defendants' motion for summary judgment. (DE 109.) After summary judgment, Henson's First Amendment retaliation claims against Warden Neal and Henson's Equal Protection claim against all defendants were dismissed. (*Id.* at 11.) However, Henson's First Amendment retaliation claims remained against Defendants Mark Newkirk, Marion Thatcher, and Erin Jones. (*Id.*)

At the outset, the Court notes that Henson's motion cannot be brought under Federal Rule of Civil Procedure 60(b). Rule 60 provides that "the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding [.]" Fed. R. Civ. P. 60(b) (emphasis added). Because there are still pending claims and a final judgment has not issued, the Court's prior order was interlocutory in nature. *See Heyer v. Pierce & Assocs., P.C.*, No. 14 C 854, 2017 WL 2404978, at *1 (N.D. Ill. June 2, 2017) ("Since the Court's order granting partial summary judgment did not dispose of all claims and parties, it amounted to an interlocutory order[.]"); *Sanzone v. Gray*, 884 F.3d 736, 739 (7th Cir. 2018) ("A district court's denial of summary judgment is typically an 'unappealable interlocutory order.'"). Therefore, a Rule 60(b) motion cannot be brought at this stage. *See Martin v. Fort Wayne Police Dep't*, No. 1:11 CV 347, 2014 WL 1047801, at *12 n.15 (N.D. Ind. Mar. 18, 2014) ("Rule 60(b) does not apply because Rule 60(b) only applies to 'final orders and final proceedings.'" *Parker v. U.G.N. Inc.*, No. 2:13 CV 420, 2015 WL 540278, at *4 (N.D. Ind. Feb. 10, 2015) ("Rule 60(b) does not apply here because Rule 60(b) only applies to 'final orders and final proceedings.'").

However, because Henson is proceeding pro se, the Court will deem Henson's filing as a motion to reconsider under the Court's inherent powers. "Whether to reconsider an interlocutory order is within the sound discretion of the district court." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1159 (N.D. Ind. 1995); *Banks v. Thomas*, No. CIV. 11-301-GPM, 2012 WL 384527, at *1 (S.D. Ill. Feb. 6, 2012) ("Reconsideration of interlocutory orders is a matter of a district court's inherent power."). While the Court considers both of Henson's arguments, neither calls the Court's prior order into question.

Henson's argument that the Court should amend the prior order to better reflect Thatcher's involvement is unpersuasive since he fails to articulate what such an amendment

2

would accomplish. As the Court explained in the prior order, Henson's summary judgment motion was denied as to his retaliation claims because of a lingering causation issue. (DE 109 at 6 (explaining that the first two elements of retaliation were met and that what remained was "whether Henson had provided sufficient evidence of causation").) The Court found that a "disagreement over whether Henson violated a policy [forbidding law clerks from working on legal documents] raises a credibility dispute which cannot be resolved on summary judgment." (*Id*. at 7.) In other words, Henson's motion for summary judgment against Thatcher would not have been granted even if the Court discussed Thatcher's personal involvement in further detail. The reason the Court saw the need to discuss the personal involvement of Defendants Jones, Newkirk, and Neal was because they moved for summary judgment on the grounds that they were not personally responsible or involved with the decision to terminate Henson. (DE 90 at 10–11.) No argument regarding personal involvement was made by the Defendants as to Thatcher. (*Id.*) Therefore, because Henson's motion for summary judgment on the retaliation claims was denied on the causation ground, and because no argument was raised regarding Thatcher's personal involvement in Defendants' motion for summary judgment, there was no need to discuss Thatcher's personal involvement in the prior order.

Henson also argues that the Court made a mistake when it found that there was "no . . . evidence Warden Neal was personally involved in his termination" and awarded summary judgment on that basis. (DE 90 at 9.) Henson points to evidence in the record that Warden Neal was involved in denying grievances submitted by Henson concerning his termination, as well as certain "classification appeal[s]" and "notice[s]," which were all created subsequent to his termination. (DE 116 at 8, 10.) Henson argues that the grievances, notices, and classification appeals made Warden Neal "fully aware of the conduct of his subordinates, State Defendants

3

Newkirk, Thatcher, and Jones in their retaliatory termination of the Plaintiff[,]" which "proves that [Warden Neal] knew about the conduct and facilitated it, approved it, condoned it, and turned a blind eye." (DE 116 at 10.) In support of this argument, Henson cites *Gentry v. Duckworth*, 65 F.3d 555 (7th Cir. 1995), which holds that a supervisor may satisfy the personal responsibility requirement if he "know[s] about the conduct [causing the constitutional deprivation] and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye."

However, as explained in the Court's prior order, the evidence Henson provides is insufficient. (DE 90 at 9.) Unlike *Gentry*, each piece of evidence *Henson* provides only alerted Warden Neal of the alleged constitutional violation (Henson's termination in retaliation for protected First Amendment conduct) *after* it occurred. *See Gentry*, 65 F.3d 555 at 561 (finding that there was sufficient evidence that the superintendent was personally responsible for denial of access to courts where the "*continued* denial of scribe materials was a policy of Duckworth's, at least to the level of 'turning a blind eye'"). The Seventh Circuit has been clear that this type of after-the-fact notification of a constitutional violation is insufficient because it does not demonstrate that the supervisor was personally responsible for the constitutional violation. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation"); *Clinton v. Buss*, No. 3:10-CV-467 PS, 2012 WL 5930616, at *1 (N.D. Ind. Nov. 27, 2012) ("Only those who cause or participate in violations are responsible under Section 1983 — not those who might fail to cure the violation or fail to handle administrative complaints."); *Smith v. Schwartz*, No. CIV. 10-721-GPM, 2011 WL 2115831, at *2 (S.D. Ill. May 26, 2011) (dismissing claims because the plaintiff was "merely challenging the rejection of his administrative complaint or complaints about completed acts of alleged misconduct").  In other words, the fact that Warden Neal may have

4

denied Henson's grievance, received a notice of an intended lawsuit, or received notice of a classification appeal, does not show that Warden Neal was personally responsible for Henson's *earlier* termination.

Accordingly, the Court DENIES Henson's motion for relief from judgment. (DE 116.) The Court also DENIES Henson's motion for a status update, as it is now moot. (DE 126.)

SO ORDERED.

ENTERED: November 14, 2022

                                              /s/ JON E. DEGUILIO
                                              Chief Judge
                                              United States District Court